UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re DAVID J. REYNOSO,

                Debtor.
------------------------------------------------------------x
CLEMENCE TOUSSON,

                Appellant,

    -against-

R. KENNETH BARNARD, Trustee,

                Appellee.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
2:23-cv-2618 (CBA)

**AMON, United States District Judge:**

In this bankruptcy appeal, Appellant Clemence Tousson ("Tousson"), a creditor of debtor David J. Reynoso ("Reynoso"), appeals pro se from a decision of the United States Bankruptcy Court for the Eastern District of New York (Trust, J.) denying her motion to dismiss Reynoso's case and ordering discharge. For the reasons stated below, I AFFIRM the order of the Bankruptcy Court.

## BACKGROUND

### I.    Underlying Suit – Reynoso v. Tousson

This appeal is based on Tousson's desire to pursue the claims she brought as counterclaims in a case before this Court, Reynoso v. Tousson, No. 2:14-cv-3564, that were discharged in the Bankruptcy Court proceeding. I will briefly summarize the proceedings in that case. (The ECF Docket Entry ("D.E.") numbers in this section refer to docket entries in that case.) On May 2, 2014, Reynoso, the Debtor in this case, sued Tousson for defamation in New York Supreme Court, alleging that Tousson published or caused to be published a series of defamatory statements online that disparaged Reynoso's business practices. (D.E. # 1.) On February 5, 2015, after removing

1

the case to this Court (id.) and after Reynoso had filed an Amended Complaint (D.E. # 9), Tousson answered the Amended Complaint, asserting a number of defenses, including that the statements "were true and thus, cannot be the basis for a defamation or slander action." (D.E. # 26 at 11.) Tousson also asserted a breach of contract counterclaim, alleging that Reynoso breached two promissory notes and, based on the agreed-upon interest rate, owed her a total of over one million dollars. (Id. 13-17.) On October 18, 2018, Tousson moved for summary judgment dismissing Reynoso's defamation claims against her and granting her breach of contract counterclaim against Reynoso. (D.E. # 50.) On September 13, 2019, I denied her motion for summary judgment seeking the dismissal of Reynoso's defamation claims but granted her motion for summary judgment on her breach of contract counterclaim as to liability while denying it as to damages. (D.E. # 58 at 16.) On May 11, 2022, less than two weeks before trial was scheduled to begin on Reynoso's defamation claims and the damages for Tousson's breach of contract counterclaim, Reynoso filed for personal bankruptcy in this case. (See D.E. # 116.) At that point, the case was automatically stayed pending the resolution of the bankruptcy proceedings. (See Order dated May 13, 2022 (confirming that, "in light of Reynoso's petition for bankruptcy, the trial scheduled to begin on May 23, 2022 is no longer on the calendar").)

## II. Bankruptcy Case

Approximately one week after Reynoso filed for bankruptcy, Tousson filed a motion for "Permission to Finish Civil Fraud Case in EDNY US District Court," i.e., a motion for relief from the automatic stay. (D.E. # 5 ("Record on Appeal" or "R") 64-65.) Reynoso opposed the motion. (R84-86.) On June 9, 2022, the Bankruptcy Court held a hearing on the motion. (See R330-43.) At the hearing, Bankruptcy Judge Alan S. Trust advised Tousson that he would "adjourn the hearing out for sixty days" until after the deadline to file adversary proceedings under sections 523

2

or 727 of the Bankruptcy Code. (R340.) Judge Trust advised Tousson that, if she would file an adversary proceeding, he would "look at whether or not the trial in the underlying claim should be held here or sent back to the federal district court" but, if Tousson did not file an adversary proceeding, Judge Trust would "deny[] stay relief." (Id.) Tousson did not file an adversary proceeding. At the next hearing on August 18, 2022, Judge Trust, noting that Tousson's counterclaim "appeared to sound in contract," held there was "no reason to grant stay relief" and denied the motion. (R390-91; see also R242 (Order Denying Motion for Relief).) Tousson did not appeal the denial of the motion for relief from the stay. (See R302-03 (noting that the Bankruptcy Court's order denying Tousson's motion for relief from the stay "was not appealed").)

On January 4, 2023, Tousson filed a motion to dismiss Reynoso's bankruptcy case on the following grounds: (1) Reynoso had failed to turn over his tax returns to her pursuant to 11 U.S.C. § 521(e)(2)(A)(ii) (R243), and (2) Reynoso had "falsely list[ed] his name as 'David J. Reynoso'" on his petition and mentioned other names such as "David Morillo" at the creditors' meeting, rather than the name he used to bring the underlying defamation lawsuit against Tousson, David Reynoso (id.). Tousson contended that this violated 18 U.S.C. § 152(2) and warranted case dismissal. (R243-44.) On March 1, 2023, the Bankruptcy Court denied Tousson's motion to dismiss and entered an order of discharge. (R295-97.)

On March 3, 2023, Tousson moved, once again, for a motion to vacate the discharge and dismiss the case, on the same grounds as her previous motion to dismiss. (R299-301.) On March 10, 2023, the Bankruptcy Court, treating her motion to vacate as a motion to alter or amend a judgment under Rule 59(e) and applying a "clear error" standard of review, denied her motion to vacate. (R303-04.) The Court explained that it had not committed clear error in denying Tousson's motion to dismiss due to Reynoso's failure to provide her with his tax return because "Tousson's

3

request for the tax return was untimely and thus cannot now serve as a basis for dismissing the Case." (R305.)

Three days later, Tousson moved again to amend the order, insisting, inter alia, that her request for Reynoso's tax return was timely because it "was made in synchrony with when the Debtor presumably provided the Trustee with the required tax return records." (R307-08.) The Bankruptcy Court denied this motion on March 21, 2023, explaining that the motion "does not offer a legal or factual basis for amending" the Court's previous orders. (R314.)

On April 5, 2023, within the 14-day period prescribed by Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, Tousson filed a notice of appeal. (R315.) She subsequently filed her appellate brief (D.E. # 6 ("Tousson Mot.")), asserting the following three grounds for appeal: (1) The Bankruptcy Court should have dismissed Reynoso's bankruptcy case due to his failure to turn over his tax return as required by section 521 (id. 11-15); (2) the Bankruptcy Court erred in not granting her motion to lift the stay and allowing her to proceed with her Reynoso v. Tousson trial in this court (id. 15-22); and (3) the Bankruptcy Court should have dismissed the case based on Reynoso's filing of his petition under "bogus names" in violation of 18 U.S.C. § 152(2) (id. 23-25.).

## STANDARD OF REVIEW

District courts review a bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Charter Commc'ns, Inc., 691 F. 3d 476, 483 (2d Cir. 2012).[1]

---

[1] I note that it is not entirely clear from Tousson's briefing whether she intends to appeal the denial of her motion to amend the order of discharge (R314), or the original denial of her motion to dismiss and entry of Order of Discharge (R295-97). (See D.E. # 9 ("Tousson Reply") 6 (noting that the "Motion to Amend Order pertained to the interlocutory denial of [Tousson's] previous Motion to Vacate, Motion to Dismiss, and Motion for Relief from Stay" but also noting that the stated cause of action "on the Civil Cover Sheet for this appeal . . . is 'Appeal from: Denial of Motion to Amend Order; Denial of Motion for Relief From Stay'" (emphasis in original) (citations omitted)).) If it were the latter, I would review for abuse of discretion. See In re Refco Inc., No. 07-cv-10708 (RJS), 2009 WL 2355808, at *2 (S.D.N.Y. July 29, 2009) (reviewing a bankruptcy court's denial of a motion under Rules 59(e) and

4

## DISCUSSION

### I. Dismissal for Failure to Turn Over Tax Return

Tousson first argues that the Bankruptcy Court erred in denying her motion to dismiss Reynoso's case based on his failure to provide Tousson with his tax return, as required by section 521(e)(2) of the Bankruptcy Code. (Tousson Mot. 11-15.) That section provides:

> (A) The debtor shall provide—
> (i) <u>not later than 7 days before the date first set for the first meeting of creditors</u>, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and
> (ii) <u>at the same time the debtor complies with clause (i)</u>, a copy of such return (or if elected under clause (i), such transcript) <u>to any creditor that timely requests such copy</u>.
> (B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.
> (C) If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax return or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee, then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e)(2) (emphasis added).

If a debtor has failed to provide a tax return to a creditor, a creditor may bring a motion to dismiss under section 521(e)(2)(C) only if he or she has "timely request[ed] such copy." 11 U.S.C.

---

60 for abuse of discretion); cf. Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 150 (2d Cir. 2008) ("We review the district court's ruling on a motion to amend the judgment under Rule 59(e) for abuse of discretion."). In light of Tousson's pro se status, I interpret her arguments in the light most favorable to her and infer that she intends to appeal the original denial of her motion to dismiss, in line with Rule 8002(b), which provides that if a party timely files motions such as a motion "to alter or amend the judgment under Rule 9023," then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b). Tousson's motion to amend relied on Rule 59(e) of the Federal Rules of Civil Procedure, which is incorporated through Bankruptcy Rule 9023. In re Flatbush Square, Inc., 508 B.R. 563, 568 (Bankr. E.D.N.Y. 2014). Her appeal of the original denial of the motion to dismiss is therefore timely, and I apply the standard of review for appeals from denials of motions in the first instance.

5

§ 521(e)(2)(A)(ii). Courts have interpreted "timely" to mean before "the last date by which the debtor must provide a copy to the trustee," which, pursuant to section 521(e)(2)(A)(i), is seven days prior to the date first set for the meeting of creditors. In re Watson, No. 08-11139, 2008 WL 4844132, at *2 (Bankr. M.D.N.C. Oct. 16, 2008) (citing In re Ring, 341 B.R. 387, 391 n.7 (Bankr. D. Me. 2006)); see also In re Collins, 393 B.R. 835, 837 (Bankr. E.D. Wis. 2008) (relying on legislative history to conclude that "the deadline for a creditor to request a tax return from a debtor must be made at or before the time the debtor has supplied such return or transcript to the trustee").

Here, it is undisputed that "the date first set for the first meeting of creditors" was June 22, 2022. (Tousson Mot. 12.) The deadline for Tousson to timely request Reynoso's tax return was seven days prior to that date, June 15, 2022. Tousson first requested Reynoso's tax returns on October 13, 2022, nearly four months after the deadline. (R228 (Creditor Tousson's Request That Reynoso Email Her Copies of His Most Recent Tax Returns.)[2] The Bankruptcy Court held that Tousson's request for Reynoso's tax returns "was untimely and thus cannot serve as a basis for dismissing the case." (R305.)

Tousson argues that she should not have been held to the deadline in section 521(e)(2)(C) because Reynoso was also delinquent in providing his tax returns to the Trustee. (Tousson Mot.

---

[2] Tousson attempts to argue that her September 7, 2022 filing of a letter with the Bankruptcy Court regarding "Missed Deadlines for Financial Management Court, Submission of Proposed Order, and Turn Over of Financial Records" was a request that Reynoso turn over his tax return to her. (Tousson Mot. 13.) But that letter only referenced the Trustee's requests that Reynoso turn over financial records to the Trustee and did not mention anything about Reynoso turning over his tax return to Tousson. (See R208-09.) Notably, Tousson's assertion is contrary to Tousson's position in her briefing before the Bankruptcy Court. In her first motion to dismiss the case, in November 2022, Tousson referred to October 13 as the date she had first requested Reynoso's tax return. (See R236 ("This October-13-2022 request date preceded: the final scheduled Creditors' meeting, (October 14, 2022), the deadline for objecting to discharge (October 21, 20[22]), and the amended hearing of the Trustee's Motion to Turn Over Documents, Records, and Property (October 25, 2022).") Tousson also used this date in her motion to vacate (R299-300) and in her motion to amend (R310), without referencing the September 7 Letter. To the extent that this indicates a shift in Tousson's position on appeal, I cannot consider this argument, as "[t]he law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 124 n.29 (2d Cir. 2005) (quoting United States v. Braunig, 553 F.2d 777, 780 (2d Cir.1977)).

12-14.) But Reynoso's delay in producing the returns to the Trustee does not excuse Tousson's failure to meet the deadline because the aim of the statute is to enable the debtor to provide the tax return to Tousson at the same time as he turned them over to the Trustee. See Collins, 393 B.R. at 837. Tousson admits that the latest date by which Reynoso turned over all the requested documents was October 5. Tousson did not make her own request until eight days after the production. (Tousson Mot. 13.) Tousson's request was therefore untimely even accounting for Reynoso's delay. See In re Collins, 393 B.R. at 837 ("[I]f the return has already been provided to the trustee, a request from a creditor could not be timely because the debtor could not supply it at the same time the return is provided to the trustee." (quoting Collier on Bankruptcy, 15th Ed., Vol. 4, para. 521.0, p. 521-79)).

Moreover, Reynoso's delay in filing the requested forms with the Trustee did not provide grounds for Tousson, as a creditor, to seek dismissal. The Trustee himself did not bring a motion to dismiss the case on those grounds, and it was within the trustee's discretion to "accept tardy compliance if he or she chooses." Watson, 2008 WL 4844132, at *2.

Tousson contends that she had the right to request a tax return that was not subject to a time limit under section 521(g)(2), which provides that "[t]he tax returns, amendments, and statement of income and expenditures . . . shall be available to . . . any party in interest for inspection and copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005" ("BAPCA"). 11 U.S.C. § 521(g)(2); (Tousson Mot. 14-15.) Tousson is correct that she could have requested a copy of Reynoso's tax returns even after the deadline under this provision, but failure to comply with this provision does not provide for the remedy of dismissal of the case under the statute. Compare 11 U.S.C. § 521(e)(2)(A)-(B) with id. § 521(g)(2).

7

## II. Tousson's Motion for Relief From the Stay

Tousson also argues that the Bankruptcy Court erred in denying her motion to lift the stay to allow her to pursue her breach of contract counterclaim in this Court. (Tousson Mot. 15-22.) Tousson contends that the debt Reynoso owed her was non-dischargeable under section 523(a)(2), as the money was "obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2). Since the Bankruptcy Court denied this motion on November 21, 2022 (R242), over four months before Tousson's appeal, the appeal is untimely.

Under 28 U.S.C. § 158(a), the provision granting district courts jurisdiction over appeals from decisions of bankruptcy courts, "an appeal of right lies from 'final judgments, orders, and decrees' entered by bankruptcy courts 'in cases and proceedings.'" Ritzen Group, Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020) (quoting 28 U.S.C. § 158(a)). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases . . . immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" Id. (alterations in original) (quoting Bullard v. Blue Hills Bank, 575 U.S. 496, 501 (2015)). The Court in Ritzen held that adjudication of a motion for relief from the automatic stay "constitutes an independent 'proceeding' within the meaning of 28 U.S.C. § 158(a)." Id. at 589.

The Bankruptcy Court's denial of Tousson's motion on November 21, 2022 was immediately appealable as a final judgment in a bankruptcy proceeding, and Tousson did not appeal the order within the 14 day appeal period, which terminated on December 5, 2022. See 28 U. S. C. § 158(c)(2); Fed. R. Bankr. P. 8002(a)(1).[3] The timely appeal requirement of section

---

[3] In her reply brief, Tousson points to the footnote in Ritzen noting that the Court "d[id] not decide whether finality would attach to an order denying stay relief if the bankruptcy court enters it 'without prejudice' because further developments might change the stay calculus." (Tousson Reply 7); Ritzen, 140 S. Ct. at 592 n.4. The Bankruptcy Court, however, did not state that its November 21 Order was without prejudice. (R242 (ordering that Tousson's

8

158(c)(2) is jurisdictional. See In re Indu Craft, Inc., 749 F.3d 107, 115 (2d Cir. 2014) ("[E]ven though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and nonwaivable." (alteration in original) (quoting In re Caterbone, 640 F.3d 108, 112 (3d Cir. 2011))); see also In re Refco, 2009 WL 2355808, at *2 ("Appellant failed to file timely appeals of the December 6, 2006 and April 12, 2007 orders disallowing and expunging her claims. Consequently, the Court lacks jurisdiction to consider her challenges to those orders." (internal citations omitted)); In re Amelio, No. 20-cv-3080 (JPC), 2020 WL 7028957, at *8 (S.D.N.Y. Nov. 30, 2020) ("[W]ithout an extension contemplated by Rule 8002, this Court lacks appellate jurisdiction over an untimely bankruptcy appeal, even if the appellant is able to show 'excusable neglect.'").

### III. Reynoso's "Fake Names"

Finally, Tousson argues that the Bankruptcy Court should have granted her motion to dismiss based on Reynoso's use of other names, such as "David J. Reynoso," in filing his petition, rather than "David Reynoso," the name he used to file his defamation suit against Tousson. (Tousson Mot. 23-25.) Tousson argues that Reynoso's use of the "fake names" violated 18 U.S.C.

---

motion for stay relief was "denied in its entirety" without specifying that the denial was without prejudice.) Moreover, the record clearly demonstrates that the Bankruptcy Court intended to "unreservedly" deny relief if Tousson did not file a timely action pursuant to section 523 or 727 objecting to the discharge. Ritzen, 140 S. Ct. at 586; (R340 (Transcript of June 9, 2022 Hearing on Motion for Relief from Stay) ("THE COURT: . . . So if there's no timely 523 or 727 action filed here, then I'll end up denying stay relief when you all come back. If there is a timely filed 523 or 727 here, then I'll look at whether or not the trial in the underlying claim should be held here or sent back to the federal district court."); R391 (Transcript of August 18, 2022 Hearing on Motion for Relief from Stay) ("THE COURT: . . . [T]here does not appear to be a 523 or a 727 pending. There's no purpose to lift the stay for the nonbankruptcy litigation to go forward. . . . So I'm going to deny the stay relief motion.")); see also Barcelona Cap., LLC v. Neno Cab Corp., 648 B.R. 578, 590 (E.D.N.Y. 2023) (noting that "[n]either the parties nor the Court have identified any cases within the Second Circuit, decided after Ritzen Group, in which a court held that a denial without prejudice of relief from the automatic stay is not an immediately appealable final order"); In re Mayer, 28 F.4th 67, 71 (9th Cir. 2022) (finding the appeal of a denial of a stay-relief motion untimely because "although the bankruptcy court stated that the denial was without prejudice, the record makes clear that the court unreservedly denied relief" (internal quotation marks omitted)).

§ 152(2)-(3), a criminal statute providing that "[a] person who . . . knowingly and fraudulently makes a false a false oath or account" or a "false declaration . . . in or in relation to any case under title 11 . . . shall be fined under this title, imprisoned not more than 5 years, or both." (Id.) This claim is frivolous.

As an initial matter, Tousson points to no statute or caselaw indicating that a violation of this statute should result in dismissal of a debtors' bankruptcy case. Indeed, the fact that the statute provides for only criminal liability after a government prosecution implies that Congress did not intend that a creditor in the bankruptcy could bring a motion to dismiss on this basis. Cf. Alexander v. Sandoval, 532 U.S. 275, 290 (2001) ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.").

Even if Tousson could invoke this criminal statute as a basis to dismiss, Tousson has not demonstrated that Reynoso used a different name in a "knowing[] and fraudulent[]" attempt to conceal the existence of Tousson's claim from the Bankruptcy Court, or that the false statement is material. Although materiality "does not require proof that creditors were harmed[] or misled by the false statements," U.S. v. Sabbeth, 125 F. Supp. 2d 33, 44 (E.D.N.Y. 2000), Tousson has not provided a plausible argument that Reynoso's addition of a middle initial was material. Reynoso informed Tousson of his impending bankruptcy filing during settlement negotiations (R82), and Tousson participated in the bankruptcy proceedings at every stage (see, e.g., R164 (letter by Tousson to Bankruptcy Court after an audio issue precluded her participation at the June 9, 2022 oral argument on her motion to lift the stay); R286-90 (Tousson questioning Reynoso at the June 22, 2022 creditors' meeting)). At the creditor meeting, Reynoso provided the Trustee with his Social Security card, which listed his name as David Reynoso, and explained why he listed "numerous AKAs" on his petition. (R275.) In United States v. Phillips, the Ninth Circuit case

cited by Tousson for the proposition that "the misstatement of the Debtor's name is material as a false statement" (Tousson Mot. 23-24), the criminal defendant's "failure to give past names by which appellant had been known might have obstructed attempts to acquire a complete financial history." 606 F.2d 884, 887 (9th Cir. 1979). Given the circumstances of this case, the addition of a middle initial could not conceivably have prevented the Trustee or the Bankruptcy Court from learning about Tousson's counterclaim against Reynoso. The Bankruptcy Court did not err in rejecting this basis for dismissal of Reynoso's case.

## CONCLUSION

For the foregoing reasons, Tousson's appeal is DENIED and the Bankruptcy Court's denial of Tousson's motion to dismiss and Order of Discharge is AFFIRMED.

SO ORDERED.

Dated: March 14, 2024
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge